UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEFFERSON E. YARBOROUGH**<br>    **DOC # 512722** | **CIVIL ACTION NO. 2:11-cv-517** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TRIMBLE** |
| **ROBERT L. WYATT, ET AL** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Jefferson E. Yarborough, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 30, 2011. Doc. 1. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is incarcerated at Calcasieu Correctional Center (CCC), Lake Charles, Louisiana. As defendants, plaintiff names Judges Robert L. Wyatt and Kent Savoie. *Id.*

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED**.

*Statement of the Case*

Plaintiff states that he was arrested in Los Angeles, California on September 2, 2010, on an absconding charge from Calcasieu Parish, Louisiana. Doc. 1, p. 3. He was extradited to Calcasieu Parish on September 25, 2010. *Id*.

A parole officer met with plaintiff on November 19, 2010. *Id.* The officer had a motion for hearing to revoke probation which stated that plaintiff was to be arraigned on February 14,

2011. Plaintiff claims that he was never brought to court nor given a reason why he was not brought to court. *Id*. He claims that his probation has expired and that he still has not been arraigned. *Id*. As relief, plaintiff asks that all pending charges and fines be dismissed. Doc. 1, p. 4. He also asks for monetary compensation for the time that he has been incarcerated. *Id*.

*Law and Analysis*

1. *Screening*

Plaintiff has been allowed to proceed *in forma pauperis*. Doc. 5. Federal Courts are required to screen complaints filed *in forma pauperis* and are authorized to dismiss such complaints without service of process or at any time when the Court determines that the complaint is frivolous, fails to state a claim for which relief may be granted, or seeks money damages from a defendant who is immune from suit.

Title 28 U.S.C. § 1915(e)(2)(B), which authorizes plaintiff to proceed *in forma pauperis* provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional

allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

### 2. Judicial Immunity

Plaintiff names Judges Robert L. Wyatt and Kent Savoie as his defendants herein; however, his claims against these defendants are barred by immunity. Doc. 1, p. 2. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985).

Even liberally construing plaintiff's complaint, none of plaintiff's allegations demonstrate that any of the judge's actions occurred outside of their chambers or the court, or that the actions did not arise out of the performance of their judicial duties. Thus, according to *Eitel*, the judges' actions were within their jurisdiction and they enjoy absolute immunity from plaintiff's claims. Plaintiff's claim for damages against Judges Wyatt and Savoie must be dismissed pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### 3. Unlawful Incarceration and Heck v. Humphrey

Since all defendants are absolutely immune from liability, the complaint should be dismissed with prejudice. However, even if plaintiff had named a defendant against whom a claim could be made, this matter would still not be viable at this time.

More specifically, plaintiff basically implies that he is unlawfully imprisoned because he has not been arraigned and because his parole time has passed. Thus, he contests his detention

and any future detention. As to the claims made the basis of the present suit, it further appears that the complained of charges are on-going. Of course, if plaintiff is ultimately convicted of these now pending charges, he may not be entitled to seek damages for the wrongful detention until such time as the conviction in question has been declared invalid. *See Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment, or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254. . . .Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

Thus, even if the defendants herein were not immune from suit, plaintiffs complaint would nevertheless be subject to dismissal or a stay pursuant to *Heck*.[1]

## Conclusion and Recommendation

Plaintiff's complaint is barred by *Heck*. However, since all of the defendants are absolutely immune from liability, the complaint should be dismissed with prejudice for all

---

[1] *Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions. In the present case, the criminal prosecution remains pending. *See Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges). However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended."). Thus, it is recommended that the portion of plaintiff's complaint dealing with his arrest, prosecution, and imprisonment be STAYED.

purposes. The plaintiff should not be permitted to file a new lawsuit against them even if he can satisfy *Heck*.

Based on the foregoing,

IT IS RECOMMENDED THAT plaintiff's complaint should be DISMISSED WITH PREJUDICE as frivolous, for failing to state a claim for which relief may be granted and for seeking monetary relief against defendants who are immune from suit.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996)**.

THUS DONE AND SIGNED in Chambers this 2nd day of August, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE